IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,994

In the Matter of MANDEE ROWEN PINGEL,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed November 19, 2021. One-year suspension, stayed pending successful completion of the agreed 12-month probation plan.

*Krystal L. Vokins*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Daniel F. Church,* of Morrow Willnauer Church, LLC, of Kansas City, Missouri, argued the cause, and *Mandee R. Pingel*, respondent, argued the cause pro se.

PER CURIAM:  This is an attorney discipline proceeding against Mandee R. Pingel, of Kansas City, Missouri, who was admitted to practice law in Kansas on April 27, 2007. She is also a licensed attorney in Missouri, admitted to the practice of law there on April 20, 2005.

On March 2, 2021, the Disciplinary Administrator's office filed a formal complaint against Pingel alleging violations of the Kansas Rules of Professional Conduct. This complaint stemmed from respondent's December 4, 2018, self-report to the Disciplinary Administrator's office that she had received notice that the Missouri Office of Chief Disciplinary Counsel planned to institute formal disciplinary proceedings against her. The Missouri Office of Chief Disciplinary Counsel ultimately filed an information instituting formal charges against her.

1

In a "Joint Partial Stipulation of Facts and Conclusions of Law," Pingel agreed with the Missouri Office of Chief Disciplinary Counsel that she violated Missouri Rules of Professional Conduct 4-1.5(a), 4-3.4(d), 4-3.4(e), and 4-4.4(a). The Missouri disciplinary hearing panel adopted and incorporated the parties' stipulation into its findings and made its own additional findings of facts. The panel found that besides those four violations, Pingel also violated MRPC 4-3.4(c). On October 29, 2019, the Missouri Supreme Court determined she violated MRPC 4-1.5(a), 4-3.4(c), 4-3.4(d), 4-3.4(e), and 4-4.4(a). It ordered her license suspended indefinitely, with the suspension stayed while she was on probation for 18 months from the date of its order.

Pingel answered the Kansas formal complaint. The parties entered into a summary submission agreement under Supreme Court Rule 223 (2021 Kan. S. Ct. R. 273) (summary submission is "[a]n agreement between the disciplinary administrator and the respondent," which includes "a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken"). Pingel admitted she violated MRPC 4-1.5(a), 4-3.4(c), 4-3.4(d), 4-3.4(e), and 4-4.4(a). The Kansas Rules of Professional Conduct counterparts to those Missouri rules are KRPC 1.5(a) (2021 Kan. S. Ct. R. 327) (fees), which is equivalent to MRPC 4-1.5(a); KRPC 8.4(d) (2021 Kan. S. Ct. R. 427) (conduct prejudicial to administration of justice), which encompasses the requirements of MRPC 4-3.4(c); KRPC 3.1 (2021 Kan. S. Ct. R. 384) (meritorious claims and contentions), which encompasses the requirements of MRPC 4-3.4(d) and 4-3.4(e); and KRPC 4.4(a) (2021 Kan. S. Ct. R. 400) (respect for rights of third persons), which is identical to MRPC 4-4.4(a).

Before us, the parties stipulate that Pingel violated KPRC 1.5(a), 3.1, 4.4(a), 8.4(d) and (g), and Supreme Court Rule 221(b) (2021 Kan. S. Ct. R. 271) (discipline imposed in another jurisdiction; duty to report). They jointly recommend her Kansas license to

practice law be suspended for one year. They also recommend this suspension be stayed pending a 12-month probation subject to the terms and conditions of an agreed "Probation and Supervision Plan." Their agreement also provides that if she violates the plan, her probation will be revoked and she will be required to serve the suspension and must undergo a reinstatement hearing pursuant to Supreme Court Rule 232 (2021 Kan. S. Ct. R. 287).

FACTUAL AND PROCEDURAL BACKGROUND

We quote the summary submission's pertinent parts below.

"1.     *Findings of Fact*. Petitioner and Respondent stipulate and agree that Respondent engaged in the misconduct alleged in the Formal Complaint filed on March 2, 2021, as follows:

. . . .

"d.     The Missouri Office of Chief Disciplinary Counsel and Respondent entered into a Joint Partial Stipulation of Facts and Conclusion of Law on or about May 15, 2019[,] in the Missouri disciplinary action. Material facts from that Joint Stipulation are:

i.     'On or about July 2014, Respondent was hired to represent the mother in a child custody modification matter, which came to be known and identified as *In re the Matter of* [*G.F.*], *Petitioner vs.* [*C.F.*], *Respondent*, Case No. 13CY-04794, in the Circuit Court of Clay County, Missouri, the Hon. David P. Chamberlain presiding (the "Underlying Action").'

ii.     'Respondent entered her appearance in the Underlying Action. Respondent was jointly responsible for handling the litigation on

3

behalf of the client, [C.F.], along with Patrick M. Davis, her co-counsel and law practice partner.'

iii. 'On July 28, 2017, the trial judge in the Underlying Action entered a "Judgment For Sanctions" against Respondent and Mr. Davis, jointly, in the total amount of $100,000.'

iv. 'The Judgment For Sanctions was appealed by Respondent to the Missouri Court of Appeals, Western District, Case No. WD 81032. In an Opinion filed June 12, 2018, the Judgment For Sanctions was upheld and affirmed.'

v. 'Thereafter, in August 2018, Respondent applied to transfer the appeal to the Missouri Supreme Court. By its Order dated October 30, 2018, the Missouri Supreme Court denied the application.'

vi. 'The appellate mandate was entered on October 31, 2018 in the Court of Appeals . . . . Such Sanctions Judgment is now final.'

vii. 'The Sanctions Judgment addresses and describes four instances of unreasonable and improper litigation conduct attributed to Respondent, as follows: (a) filing a post-trial request for judicial findings containing 2,265 individually numbered paragraphs, many of which were "incomplete sentences" and "incomprehensible and irrational requests having nothing to do with the litigation or evidence received by the Court"; (b) scheduling a deposition of an expert witness on a Saturday in violation of a specific court order prohibiting the taking of depositions on a Saturday without the consent of the opposing counsel; (c) sending a 44-page letter to the expert witness for the opposing party which was found to be a violation of 56.01(4)(b);

4

and (d) receiving in excess of $400,000 in attorney fees in a custody modification case.'

. . . .

"g.    The Missouri Panel found, by a preponderance of evidence, based upon the above stipulations and findings, that Respondent violated the Missouri Rules of Professional Conduct as follows:

    i.    'Respondent violated Missouri Supreme Court Rule 4-3.4(e), by submitting post-trial requests for judicial findings containing 2,265 individually numbered paragraphs which alluded to matters which no lawyer could reasonably believe were relevant or that were supported by the evidence.'

    ii.    'In connection with scheduling a deposition of an expert witness on a Saturday, Respondent violated Missouri Supreme Court Rule 4-3.4(d) by making a frivolous pre-trial discovery request and 4-3.4(c) by knowingly disobeying an obligation under the rules of a tribunal.'

    iii.    'In connection with the contact of an opposing expert witness, Respondent violated Missouri Supreme Court Rule 4-4.4(a) by using or attempting to use means that have no substantial purpose other than to embarrass, delay, or burden a third person.'

    iv.    'Respondent has violated Missouri Supreme Court Rule 4-1.5(a) by charging, receiving and/or attempting to collect in excess of $400,000.00 in attorney fees in connection with a child custody modification case.'

"h.    The Missouri Panel adopted the following mitigating factors identified in ABA Standard 9.32 to be present in Respondent's case:

i.    'Respondent has exhibited a cooperative attitude towards this proceeding, and she has made a full and free disclosure of the matters addressed herein, as evidenced in part by the stipulation. This is a mitigating factor.'

ii.   'Respondent is remorseful, and such remorse is deemed to be a mitigating factor. Respondent expresses and demonstrates profound remorse with respect to the professional misconduct identified by Judge Chamberlain and above. Respondent is deeply troubled by her own conduct. Respondent has undertaken efforts to improve her practice and professionalism electing to refrain from litigation tactics that could be viewed as unfair, unreasonable, or improper. Respondent is approaching her cases differently in how she can counsel clients to maximize cooperation and reduce conflict with the opposing party. Respondent is profoundly concerned how her conduct is viewed by the profession and the public and has undertaken efforts to avoid unfair, unreasonable or improper litigation procedures in new and ongoing cases. Respondent is mindful of the litigation costs of such litigation practices for clients and is undertaking measures to make sure clients understand such costs and how different approaches to their issues may be more cost appropriate to avoid extremely high litigation expenses for the client. This is a mitigating factor.'

iii.  'Respondent has made full and timely restitution. Respondent has paid $100,000 in sanctions plus [$]11,812.10 in interest for a total of $111,812.00 . . . . Respondent has paid $25,041.96 to the Third Party Respondent, Daniel Wieland and $2,953.03 in additional interest to him; $10,016.78 and $1,181.21 in interest to Wounded Warriors Project; $10,016.78 and $1,181.21 in interest to Children's Mercy Hospital of KC, $10,016.78 and

$1,181.21 in interest to Great Plains SPCA, $10,016.78 and $1,181.21 in interest to March of Dimes, $10,016.78 and $1,181.21 in interest to Legal Aid of Western Missouri, $10,016.78 and $1,181.21 in interest to American Cancer Society; $10,016.78 and $1,181.21 in interest to St. Jude's Children Hospital; $5,008.34 and $590.60 in interest to the Salvation Army Kansas and Western Missouri, and $55.94 in court costs to the Clay County Circuit Clerk. Respondent's restitution is a mitigating factor.'

iv.   'Respondent has provided admissible evidence of good character and reputation within the legal community by letters submitted in support of Respondent's character and reputation. These are a mitigating factor.'

v.   'Respondent has already received substantial sanctions . . . . This is a mitigating factor.'

vi.   'Although not stipulated to by the parties, the Panel further finds Respondent's motives should be viewed as a mitigating factor. The overall weight of the evidence compels a finding that there is an absence of selfish or dishonest motives. While Respondent obtained substantial financial benefits in the representation of the mother in the underlying child custody modification case, Respondent intended to provide valuable, zealous and competent representation to the satisfaction and appreciation of the client. This is a mitigating factor.'

. . . .

"j.   Respondent has one prior informal admonition in her Missouri disciplinary history. Respondent did not report this prior Missouri

7

discipline to the Kansas Disciplinary Administrator's Office. Respondent did not intentionally fail to report this informal admonition.

"k.    On October 29, 2019, the Missouri Supreme Court, based on its consideration of the Missouri Panel's recommendation, ruled that Respondent violated Missouri Supreme Court Rules 4-1.5(a), 4-3.4(c), 4-3.4(d), 4-3.4(e), and 4-4.4(a).

"l.    The Missouri Supreme Court ordered suspension of Respondent's license indefinitely, with such suspension being stayed while Respondent was placed on probation for 18 months from the date of its order.

"m.    The Kansas Rules of Professional Conduct (KRPC) counterparts to the Missouri Rules of Professional Conduct violated by Respondent are:

    i.    KRPC 1.5(a), which is equivalent to Missouri Rule 4-1.5(a) for purposes of this case;

    ii.    KRPC 8.4(d), which encompasses the requirements of Missouri Rule 4-3.4(c) regarding violation of a court order (*See In re Kline*, 298 Kan. 96, 134-138, 311 P.3d 321 [2013]);

    iii.    KRPC 3.1, which encompasses the requirements of Missouri Rule 4-3.4(d);

    iv.    KRPC 3.1, which encompasses the requirements of Missouri Rule 4-3.4(e); and

    v.    KRPC 4.4(a), which is identical to Missouri Rule 4-4.4(a).

"n.    Up to the date of this filing, Respondent has cooperated with the investigation in this disciplinary matter by and through her counsel.

8

"2.     *Conclusions of Law*. Petitioner and Respondent stipulate and agree that Respondent violated the following Supreme Court Rules and Kansas Rules of Professional Conduct:

a.     KPRC 1.5(a) (Fees);

b.     KRPC 3.1 (Meritorious Claims and Contentions);

c.     KRPC 4.4(a) (Respect for Rights of Third Persons);

d.     KRPC 8.4(d) and (g) (Misconduct); and

e.     Kansas Supreme Court Rule 221(b) (after January 1, 2021) (Discipline Imposed in Another Jurisdiction—Duty to Report).

 . . . .

"4.     *Recommendation for Discipline*. Petitioner and Respondent agree and acknowledge that the conduct involved in this matter occurred prior to the Clay County, Missouri Circuit Court order of sanctions, dated July 28, 2017, and the Missouri Office of Disciplinary Counsel reports that Respondent has complied with the conditions of her Missouri probation plan to date. Petitioner and Respondent jointly recommend that Respondent's license to practice law be suspended for one year. Petitioner and Respondent further recommend that such suspension be stayed pending a 12-month probation. Petitioner and Respondent further recommend that the terms and conditions of her probation be those listed in the Probation and Supervision Plan contained in Volume IV of the Record. In the event Respondent violates the terms of this probation plan and her probation is revoked, Respondent will be required to serve the suspension and must undergo a reinstatement hearing pursuant to Supreme Court Rule 232 prior to reinstatement.

9

"5.     *Additional Statements and Stipulations*.

"a.     Petitioner and Respondent hereby waive hearing on the Formal Complaint.

"b.     Petitioner and Respondent agree that no exceptions to the findings of fact and conclusions of law will be taken.

"c.     Respondent understands and agrees that pursuant to Supreme Court Rule 223(f), this Summary Submission Agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendation.

"d.     Respondent also understands and agrees that after entering into this Summary Submission Agreement she will be required to appear before the Kansas Supreme Court for oral argument under Supreme Court Rule 228(i).

"e.     Petitioner and Respondent agree that the exchange and execution of copies of this Agreement by electronic transmission shall constitute effective execution and delivery of this Agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures."

## DISCUSSION

In a disciplinary proceeding, this court generally considers the evidence, the panel's findings, and the parties' arguments and determines whether KRPC violations exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226 (a)(1)(A) (2021 Kan. S. Ct. R. 276) (a

misconduct finding must be established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

Pingel had adequate notice of the formal complaint, to which she filed an answer. She also had adequate notice of the hearing before the panel but waived that hearing after entering into the summary submission agreement with the Disciplinary Administrator. That agreement included the parties' understanding that no exception to the findings of facts and conclusions of law would be taken.

The chair of the Kansas Board for Discipline of Attorneys approved the summary submission and cancelled a hearing under Rule 223(e)(2). As such, the factual findings contained in the summary submission are deemed admitted. See Supreme Court Rule 228(g)(1) (2021 Kan. S. Ct. R. 282) ("If the respondent files a statement . . . that the respondent will not file an exception . . . , the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent.").

The summary submission and the parties' stipulations before us establish by clear and convincing evidence that the charged conduct violated KRPC 1.5(a), 3.1, 4.4(a), 8.4(d), 8.4(g), and Rule 221(b). We adopt the findings and conclusions in the summary submission.

The remaining issue is deciding the appropriate discipline. The parties jointly recommend that Pingel's license to practice law be suspended for one year, and that her suspension be stayed pending a 12-month probation period. But an agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Rule 223(f).

11

After full consideration, we hold Pingel should be suspended for a period of one year and that the suspension be stayed pending her successful completion of the agreed 12-month probation plan.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Mandee R. Pingel be and she is hereby disciplined by a one-year suspension in accordance with Supreme Court Rule 225(a)(3) (2021 Kan. S. Ct. R. 275). We further order that this suspension be stayed pending her successful completion of the agreed 12-month probation plan.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.